IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN GIBBS, | ) | 4:13CV3065 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's Motion for Summary Judgment. (Filing No. 11.) For the reasons discussed below, the Motion is granted and Petitioner's Petition for Writ of Habeas Corpus ("Petition") is dismissed with prejudice.

## I.  BACKGROUND

On April 3, 1998, Petitioner John Gibbs ("Gibbs") was sentenced to serve life imprisonment for second-degree murder and a consecutive sentence of not less than six years, nor more than 20 years, for use of a firearm to commit a felony. (Filing No. 10-1.) On March 27, 2013, Gibbs filed his Petition in this matter. (Filing No. 1.) The court conducted an initial review and concluded that the Petition asserted one potentially cognizable claim for relief: "The Nebraska Parole Board has not told Petitioner what to do to get parole, nor has the Nebraska Parole Board told Petitioner the reason that they deny him parole." (Filing Nos. 1 and 8.)

On July 22, 2013, Respondent filed a Motion for Summary Judgment along with State Court Records and a Brief in Support. (Filing Nos. 10, 11 and 12.) In his Brief, Respondent argues that this court lacks jurisdiction over Gibbs' claim. (Filing No. 12.) Gibbs failed to respond. (*See* Docket Sheet.)

## II.  ANALYSIS

A prisoner does not have a constitutional right to be released before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7

(1979). Indeed, the only right at issue in the parole context is procedural. *See* *Swarthout v. Cooke*, 131 S. Ct. 859, 862-63 (2011). To determine whether a prisoner eligible for parole consideration received adequate due process, courts consider whether the prisoner had an opportunity to be heard and whether the prisoner was provided a statement of the reasons why parole was denied. *Greenholtz*, 442 U.S. at 16.

Here, Gibbs claims that the Nebraska Parole Board has not told him how to get parole nor informed him why he has been denied parole. (Filing No. 1.) However, the record does not show that Gibbs is even eligible for parole consideration. Gibbs is serving a life sentence for second-degree murder and a consecutive sentence of six to 20 years for use of a firearm to commit a felony. (Filing No. 10-1.) Under Nebraska law, a prisoner sentenced to life in prison is not eligible for parole until his sentence is commuted to a term of years. *Poindexter v. Houston*, 275 N.W.2d 688, 693 (Neb. 2008); Neb. Rev. Stat. § 83-1,110. Moreover, the Nebraska "Board of Pardons has the unfettered discretion to grant or deny a commutation of a lawfully imposed sentence for any reason or for no reason at all." *Poindexter*, 275 N.W.2d at 693.

Gibbs has not demonstrated that his life sentence has been commuted to a term of years. To the extent that Gibbs is challenging a commutation decision, "an inmate has 'no constitutional or inherent right' to commutation of his sentence." *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981). Indeed, such decisions "have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review." *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 275 (1998) (quotations omitted). In light of this, the court will grant Respondent's Motion for Summary Judgment and dismiss the Petition with prejudice.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In this case, Gibbs has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment (filing no. 11) is granted.

2. Gibbs' Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of January, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.